FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR - 4 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
COLONEL MAURICE MAYNARD MEYERS,

              Plaintiff,

- against -

THE HEALTH AND HOSPITALS CORPORATION;
KINGS COUNTY HOSPITAL CENTER; NEW YORK
CITY; NEW YORK STATE; UNITED STATES OF
AMERICA; and BERNARD GRAHAM,

              Defendants.[1]
----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-7448 (CBA) (LB)

AMON, Chief United States District Judge.

On December 16, 2014, the Court received Colonel Maurice Maynard Meyers' pro se filing seeking an "Application for Injunction for Medication over Objection and Application for Writ of Habeas Corpus." (DE #1.) Mr. Meyers filed additional submissions with the Court on December 19, 2014 (DE #6), December 22, 2014 (DE #4), and December 23, 2014 (DE #5). Subsequently, he filed two letters addressed to the Court on January 5, 2015 further detailing his claims. (DE #10-11.) On January 2015, he filed a copy of a letter addressed to him by his lawyer in a state court commitment proceeding. (DE #8.) Finally, he sent the Court a copy of a notice from the mental institution in which he is housed stating that he was being converted to voluntary status and therefore was no longer subject to involuntary commitment. (DE # 9.)

Meyers has a long history of paranoid delusions caused by schizoaffective disorder. See, e.g., Meyers v. Health & Hosp. Corp., No. 13-CV-1258 (CBA) (LB), 2014 WL 4160796, at *1 (E.D.N.Y. Mar. 28, 2014) (discussing Meyers' history of mental illness). Due to his "poor

---

[1] Meyers's initial submission lists only the Health and Hospitals Corporation and Kings County Hospital Center in the two captions, but his subsequent filings add additional defendants. (DE #5; DE #6.) The Court has the responsibility to construe the pleadings of a pro se litigant liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), especially, where, as here, the plaintiff alleges civil rights violations, Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Accordingly, all six parties have been listed in the caption.

adherence to medication and treatment regimes," Meyers has frequently been subject to involuntary psychiatric commitment and forcible medication at various mental institutions. See id.

On December 5, 2014, Meyers was again involuntarily admitted to the psychiatric ward of the Kings County Health Center ("KCHC")—operated by defendant Health and Hospitals Corporation. (See DE # 1, 9.) Following his admission, Dr. Richard Kinyamu, Director of Adult Inpatient Psychiatry at KCHC, petitioned the Supreme Court of Kings County for an order continuing his period of involuntary commitment for 90 days and permitting anti-psychotic drugs to be administered over Meyers' objection. (Id. at 16-21.) To support that petition, Dr. Kinyamu stated that he had examined Meyers and determined that he "suffers from Schizophrenia, Paranoid Type" and "has grandiose and paranoid delusions, disorganized, illogical thoughts and poor self-care." (Id. at 17.) He further noted that Meyers had refused to take anti-psychotic medication despite being informed of the potential benefits. (Id.) Because Dr. Kinyamu concluded that Meyers "is unable to make a reasoned decision about" whether to take medication and the lack of treatment was "materially affect[ing] his condition," he requested that the state court order that medication be administered over Meyers' objection. (Id. at 17-18.) Dr. Helen Smith, an attending psychiatrist at KCHC, put in a similar affirmation requesting that Meyers be forcibly medicated so as to treat his "extremely delusional" thinking. (Id. at 21-23.)

Based on the record, it appears that a hearing was likely held before Justice Bernard Graham on December 23, 2014. (DE # 8.) But it is not clear whether Justice Graham granted Dr. Kinyamu's petition authorizing the further involuntary confinement and medication of Meyers at KCHC. (See DE # 1, 8.) In any event, Meyers was converted to voluntary status on

December 29, 2014. (DE # 9.) It is not clear whether he is still being treated inpatient at KCHC or whether he has since been moved to outpatient care.

Rule 17(c) of the Federal Rules of Civil Procedure provides that the Court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). And although district courts have no duty to inquire sua sponte into a party's competency, the Second Circuit has directed that it would likely be an abuse of discretion to not consider the issue when "presented with . . . verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." Ferrelli v. River Manor Health Care, 323 F.3d 196, 203 (2d Cir. 2003).

The affidavits submitted by Dr. Kinyamu and Dr. Smith in the state court action provide evidence of mental illness that could render Meyers' incompetent to proceed pro se. (See DE # 1.) Those submissions "trigger a mandatory inquiry into [Meyers] competency," Ferrelli, 323 F.3d at 202, unless the claims raised are so frivolous that such an inquiry would be futile. See Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 135 (2d Cir. 2009) (instructing that "where no substantial claim can be asserted on behalf of [an incompetent plaintiff]," the district court may dismiss the complaint without prejudice); see also Perri v. Obama, No. 11-CV-165 (ARR), 2011 WL 685826, at *3 (E.D.N.Y. Feb. 15, 2011) ("[A]ppointment of a guardian ad litem . . . would be futile because . . . no guardian could save plaintiff's claims from dismissal.").

After reviewing Meyers' submissions, the Court finds he could possibly state a claim for relief. Because his claims are not frivolous, the Court must consider Meyers' competency before proceeding to the merits of his pleadings to ensure that his interests are adequately protected. See Ferrelli, 323 F.3d at 202. Contra Memo. & Order, Meyers v. Office of the Mayor, No. 14-

cv-7449 (CBA) (LB) (E.D.N.Y. Feb. 13, 2015), DE # 8 (concluding that the Court need not reach the competency issue because the claims raised were frivolous and properly dismissed without prejudice).

Accordingly, the Court respectfully directs Magistrate Judge Bloom to hold a hearing to consider Meyers' competency to pursue this action and appoint a guardian ad litem, if necessary.

SO ORDERED.

Dated: March 3, 2015
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

4